Filed 2/11/26  Colon-Perez v. Security Industry Specialists CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JENNY-ASHELY COLON-PEREZ,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SECURITY INDUSTRY SPECIALISTS, INC.,<br><br>Defendant and Appellant. | A168297<br><br>(Alameda County<br>Super. Ct. No. 21CV004546) |

### MEMORANDUM OPINION[1]

In our prior opinion in this case, we concluded Code of Civil Procedure section 473, subdivision (b)[2] could not be invoked to excuse failure to comply with arbitration fee payment deadlines set forth in section 1281.98, regardless of the reason why the deadline was missed or how soon after the deadline payment was made.  We therefore affirmed the trial court's order

---

[1]  We resolve this case by memorandum opinion under California Standards of Judicial Administration section 8.1. The parties are fully conversant with the "the facts of the case and its procedural history," and we therefore proceed directly to our discussion of the matter on remand from our Supreme Court.  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

[2]  All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

allowing plaintiff Jenny-Ashely Colon-Perez to withdraw from arbitration and its order denying defendant Security Industry Specialists, Inc.'s motion under section 473, subdivision (b) to vacate that order. (*Colon-Perez v. Security Industry Specialists, Inc.* (2025) 108 Cal.App.5th 403, disapproved by *Hohenshelt v. Superior Court* (2025) 18 Cal.5th 310, 349 (*Hohenshelt*).)

Our Supreme Court granted review and deferred action pending its decision in *Hohenshelt*. In that case, the high court concluded relief may be sought from failure to timely pay arbitration fees under section 1281.98, and not only under section 473, subdivision (b), but also under Civil Code section 3275 and Civil Code section 1511. (*Hohenshelt, supra,* 18 Cal.5th at pp. 333–335.)

In short, the court posited the question before it as "whether there is a clear indication that section 1281.98 was intended to limit the ordinary operation of section 473(b) or Civil Code sections 3275 and 1511." (*Hohenshelt, supra,* 18 Cal.5th at p. 335.) The court held there was not. (*Id.* at pp. 335–341.) "We find no indication that the Legislature, in enacting a 'strict yet reasonable method' to ensure timely payment of arbitration fees ([Sen. Com. on Judiciary, Analysis of Sen. Bill No. 707 (2019–2020 Reg. Sess.) as amended Apr. 11, 2019,] at p. 9), intended that any instance of nonpayment by the drafting party, regardless of the circumstances, would result in loss of its right to arbitration." (*Id.* at p. 340, italics omitted.)

The high court went on to hold that since these statutes affording equitable relief from contractual missteps and defaults are available in the arbitral context, section 1281.98 does not impermissibly target and burden arbitration contracts and therefore is not preempted by the Federal Arbitration Act. (*Hohenshelt, supra,* 18 Cal.5th at pp. 341–346.) "[S]ection 1281.98, construed in harmony with background statutes, makes arbitration

contracts enforceable on the same grounds as those that apply to other contracts: When a party breaches its contractual obligations willfully, fraudulently, or with gross negligence, it cannot escape the consequences by pointing to a lack of harm to the other party. But short of such wrongful conduct, a breaching party may be relieved from forfeiting its right to enforce an arbitration agreement based on the circumstances, as provided by longstanding legal principles." (*Id.* at p. 346.)

Because the Court of Appeal had reached the opposite conclusion, the Supreme Court reversed and remanded with directions to return the matter to the trial court for consideration of whether the defendant "may be excused for its failure to timely pay arbitration fees, such that the stay of litigation should not be lifted and the parties should be returned to arbitration, and whether the delay resulted in compensable harm to" the plaintiff. (*Hohenshelt, supra,* 18 Cal.5th at p. 349.)

Following issuance of its opinion in *Hohenshelt,* the high court transferred this case back to us with directions to vacate our prior decision and reconsider the matter in light of *Hohenshelt.* The court also directed that our prior opinion is "rendered either 'depublished' or 'not citable.' " (*Colon-Perez v. Security Industry Specialists, Inc.*, S289702, Supreme Ct. Mins., Nov. 19, 2025.) We therefore vacate our prior opinion.

We also conclude *Hohenshelt* compels reversal of the trial court's order denying defendant's motion under section 473, subdivision (b) to vacate its order granting plaintiff's motion under section 1281.98 to withdraw from arbitration. As we have recited, in *Hohenshelt*, the Supreme Court rejected our reading of the language of section 1281.98 as foreclosing relief from its payment deadlines "regardless of whether an untimely payment was deliberate or inadvertent." (*Hohenshelt, supra,* 18 Cal.5th at p. 332.)

3

"Although section 1281.98 has been interpreted by various Courts of Appeal," including this one, "to impose an inflexible and sometimes harsh rule resulting in loss of arbitral rights, we reject that rigid construction and instead conclude that the statute does not abrogate the long-standing principle, established by statute and common law, that one party's nonperformance of an obligation automatically extinguishes the other party's contractual duties only when nonperformance is willful, grossly negligent, or fraudulent. As explained . . . , the Legislature sought to deter companies and employers from engaging in strategic nonpayment of arbitration fees; we find no indication that it intended to strip companies and employers of their contractual right to arbitration where nonpayment of fees results from a good faith mistake, inadvertence, or other excusable neglect." (*Id.* at p. 323, italics omitted.)

This brings us to the question of our disposition. We could reverse and remand with directions to the trial court to reconsider defendant's section 473, subdivision (b) motion for relief from its order granting plaintiff's section 1281.98 motion to withdraw from arbitration. We are convinced, however, that given the high court's opinion in *Hohenshelt* and the record in this case, the defendant's section 473, subdivision (b) motion for relief should be granted and the order granting plaintiff's motion to withdraw from arbitration should be vacated.

To begin with, there is not the slightest suggestion in the record before us that defendant "engag[ed] in strategic nonpayment of arbitration fees"— the conduct which section 1281.98 is meant to prevent. (*Hohenshelt, supra,* 18 Cal.5th at p. 323, italics omitted.) As the Supreme Court repeatedly explained in *Hohenshelt*, "the Legislature was concerned about cases where willful nonpayment of fees by a defendant stymies the ability of employees

4

and consumers to have their claims resolved in arbitration pursuant to a pre-dispute arbitration." (*Id.* at p. 337, italics omitted.)  The Legislature's "express focus" was on "cases of manipulative or intentional delay," and "[n]othing in the legislative history suggests that the Legislature intended to penalize inadvertent or excusable delay." (*Id.* at pp. 337–338.)

To the contrary, we acknowledged in our prior opinion that defendant had timely paid the prior arbitration invoices, that the one in question was not timely paid because counsel "found herself caught in the throes of a natural disaster which caused extensive property damage and resulted in she and her family having to evacuate their home," and that that invoice was paid within six days of the statutory deadline.  In short, the record in this case is the exact opposite of a record suggesting tactical delay.  Indeed, the Supreme Court, itself, cited the instant case as illustrative of an untimely payment that was *not* deliberate or inadvertent.  (*Hohenshelt, supra,* 16 Cal.5th at p. 332 ["E.g." citation to "*Colon-Perez, supra,* 108 Cal.App.5th at pp. 409–410, 413, 421, fn. 12," with parenthetical stating, "loss of arbitral rights where counsel was 'caught in the throes of a natural disaster' and payment was six days late"].)

Thus, the directive of the Supreme Court in the instant case seems to us to be clear—equitable relief from section 1281.98's payment deadline is warranted and should be granted.[3]

## DISPOSITION

The order denying relief under section 473, subdivision (b) from the order under section 1281.98 vacating the order compelling arbitration is

---

[3] Given that the payment was late by only six days, no claim can be made that plaintiff was thereby prejudiced.  (See *Hohenshelt, supra,* 18 Cal.5th at p. 344.)

5

REVERSED and the matter is remanded with directions to grant defendant's section 473, subdivision (b) motion for relief and to vacate the court's prior order granting plaintiff's motion under section 1281.98. Parties to bear their own costs on appeal.

_____

Banke, J.

We concur:

_____

Humes, P. J.

_____

Langhorne Wilson, J.

A168297, Colon-Perez v. Security Industry Specialists, Inc